### Arthur Freeman v. The State.

#### No. 2431. Decided March 25, 1902.

**Perjury—Evidence.**

On a trial for perjury by a witness in a criminal case, it is not competent nor admissible to prove by witnesses what other witnesses had testified in the case in which defendant is alleged to have committed the perjury. Such testimony is hearsay. Henderson, J., dissenting.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The indictment charged substantially that defendant was a witness on the trial of one Dock Baines for an assault with intent to murder one Minnie Freeman. That on said trial it became a material question whether a piece of paper shown the witness (this defendant), while he was on the stand testifying, was picked up by him (defendant) in the yard of J. O. Freeman on the night of the shooting of Minnie Freeman, etc., and that defendant falsely testified that it was not the piece of paper, etc.

The piece of paper defendant is charged to have picked up was part of the wadding used in the gun supposed to have been shot by Dock Baines at Minnie Freeman.

*Daniel & Keith,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.—Bill number 1 complains the court erred in permitting J. B. Keith to state what was the testimony of Joe Gordon and Fayette Gordon on the trial of Dock Baines, it being a trial in which appellant testified and upon which the perjury was assigned. Bill number 2 was an objection of appellant to the court permitting Joe Gordon to testify as to what he testified on the trial of Dock Baines. An inspection of the statement of facts shows that the Baines case was a case of circumstantial evidence. The perjury assigned in the indictment was to the effect that on the trial of Dock

Baines the witness and appellant herein, Arthur Freeman, denied picking up a certain piece of paper, which was used by the person committing the crime in the Baines case as a gun wadding. He denied that he picked up this paper; that it was a part of the paper known as the Ram's Horn; that it had on it the words "The Modern Dance." The fact that witness picked up the paper on the night of the assault alleged to have been made by Dock Baines; identified it as a part of the Ram's Horn; that it was picked up near the place of the homicide; that it had not been used as a gun wadding,—became a material link in the chain of circumstances in said Dock Baines' case, because the witnesses Gordons testified that they preserved that paper; that they found at said Baines' house the balance of the papers; interstices of the piece found by Arthur Freeman fitted to that found at appellant Baines' house. It became not only by reason of the circumstances a link, but a strong incriminating fact against Baines. In order to show the materiality,—that defendant picked up the paper,—it was necessary to show the testimony of the Gordons, in order to connect these circumstances with other facts which connect the gun wadding with appellant. Appellant in this bill does not object because the court failed to limit the purpose of this evidence, but simply objects to the admissibility on the ground that it was hearsay. In order to show it was a material issue, it was necessary to prove this, and it was therefore relevant on the issue of materiality. Martin v. State, 33 Texas Crim. Rep., 317.

BROOKS, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years.

J. B. Keith was permitted, over appellant's objections, to testify "that he was present at the trial of Dock Baines at the last term of this court, when Joe Gordon and Fayette Gordon were witnesses and upon the stand, and that they testified, in substance, that a paper gun wadding was picked up in the yard of J. O. Freeman the night Minnie Freeman was shot, and near the point where she was shot." Appellant excepts to this testimony because hearsay, irrelevant, and immaterial, and given in the absence of defendant, and could not bind him. The court appends the following explanation to the bill: "The court admitted this evidence to enable the court to pass upon the materiality of the alleged false statement, and submitted it in the charge." However, we find there is no limitation by the court of this testimony in the charge, and we also fail to find any bill of exceptions to the refusal of the court to so limit it, nor is there such an exception reserved in the motion for new trial. The second bill of exceptions complains that the court permitted Joe Gordon to testify that he stated on the trial of Dock Baines "that we picked up the gun wadding now shown me by the district attorney in J. O. Freeman's yard, and that it was the same one picked up by us and examined, and that the wad was picked up near where Minnie Freeman

was shot." Appellant objects to this testimony upon the same grounds. The testimony, as shown by both bills, should not have been admitted. It is proper in a trial for perjury to prove what defendant testified on the trial wherein the perjury was committed, but it is not permissible to allow witnesses to testify to what other witnesses had testified in the case in which defendant is alleged to have committed the perjury. In other words, the court should have permitted the State to introduce the witnesses who testified in the Baines case to detail what they knew about the offense for which Baines was then on trial, so far as same may be applicable to this case. It was not proper to permit the witness Keith to testify to what Joe and Fayette Gordon testified on the Baines trial, nor was it proper to permit Joe Gordon, a witness on said trial, to testify what he stated on said trial. Either would be pure hearsay. If the witness Gordon knew enough to establish the guilt of Baines in the previous trial, he could testify to said fact; and this would be true whether he had previously testified in the Baines case or not. But the testimony that should be admitted is not what the witnesses testified on the trial of Baines, but what the witnesses who testified against Baines actually knew about Baines' guilt. This would not exclude the testimony of other witnesses who might know criminative facts against Baines. In other words, it would be proper to permit any competent witness to testify to facts tending to indicate the criminality of Baines in the trial in which appellant is alleged to have committed the perjury.

Appellant's special charges, so far as applicable, were covered in the main charge of the court. The disqualification of the district judge was passed upon by us in the case of Baines v. State, ante, p. 490. We there held that the judge was not disqualified.

For the errors discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

HENDERSON, Judge (dissenting).—I do not concur with the view of the majority of the court, which holds that the State could not adduce testimony that was delivered during the trial to establish the materiality of the alleged false testimony. The question as to the materiality of the alleged false testimony is for the court; but this may become a mixed question of law and fact, and may properly be submitted to the jury; the court informing the jury that, if they find certain facts to be true, then the alleged false testimony became material. Jackson v. State, 15 Texas Crim. App., 579; Montgomery v. State (Texas Crip. App.), 40 S. W. Rep., 805. Ordinarily, the question of materiality is not complicated; but merely on introducing the indictment and the plea the materiality of the alleged false testimony becomes obvious. For instance, on a charge of murder A pleads not guilty; then any testimony tending to show self-defense would become material. But if the alleged false testimony bears not immediately on the issue, but upon some collateral issue,

which in its turn becomes material as illustrating or bearing on the main issue, then the materiality of the testimony may become more complicated, and enough of the proceedings transpiring in the lower court should be shown in order to establish the materiality of the alleged false testimony to the issue then being tried. Mr. Bishop, in his Criminal Procedure, volume 2, section 935, uses this language: "The allegation of materiality must also be proved. It is not enough that the testimony was actually admitted, yet it suffices that the indictment sets out the facts unless the materiality judicially appears. When it does not, the course is to prove all or so much less than all of the pleadings and evidence brought forward at the former trial as will duly present the question. Whereupon the court, not the jury, will decide as of the law, whether or not what the defendant is shown to have testified to therein was material. Yet, practically, as fact is involved with the law, the question must generally be passed upon with the rest by the jury under instructions from the court." Bearing in mind that the sole question here is as to the materiality of the alleged false testimony, the fact then to be proved is, how it came to be material; and the solution of this question can be arrived at solely from the pleadings and evidence delivered on the trial, and bearing on that issue. Of course, only so much of the evidence as tends to prove the issue should be admitted. With these views, I can not concur in the majority opinion on the question discussed. I do not express an opinion as to the disposition of the case, as there may be other questions in the record not treated.