JOHN SCHLEY v. THE STATE.

No. 3855.  Decided December 8, 1915.

Rehearing denied January 12, 1916.

1.—Perjury—Indictment.

Where, upon trial of perjury, the indictment was sufficient, there was no error on that ground.

2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.

Where a great deal of the testimony set out in the bills of exception was clearly admissible and the bill of exceptions did not specifically point out the testimony to which objection was urged, there was no reversible error.

3.—Same—Evidence—Reproduction of Testimony—Stenographer.

Upon trial of perjury there was no error to introduce the stenographer who took down the testimony at the trial at which the alleged perjury occurred and have him to reproduce said testimony from his stenographic notes or independent thereof, and the objection that the written testimony was the best evidence is untenable.  Following Smith v. State, 60 Texas Crim. Rep., 293.

4.—Same—Motion for Rehearing—Statements in Opinion—Reproduction of Testimony.

Where, upon motion for rehearing, appellant contended that this court erred in making the statement in the original opinion that the objection to the stenographer's testimony was that the written testimony was the best evidence, and the record bore out such statement, there was no error on that ground; besides, where the stenographer did not write out his notes he could testify that they were correct and thus reproduce the testimony, and, moreover, anybody who heard the testimony and could reproduce it would be a competent witness so to do.

Appeal from the District Court of Coryell.  Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. F. Moore*, for appellant.—On question of reproduction of testimony: Freeman v. State, 43 Texas Crim. Rep., 580.

On question of insufficiency of the indictment: Brooks v. State, 16 S. W. Rep., 542.

*C. C. McDonald*, Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of perjury, his punishment being assessed at two years confinement in the penitentiary.

A brief summary of the State's evidence discloses that Ashford and Smith were in the town of Gatesville on Saturday, the 5th of the month, and while there passed two forged checks made payable to Preston, signed by McMordie.  McMordie is sheriff of the county.  They were strangers in the town, therefore the question of identity became one of more or less importance.  The State's case was that they were acting together in passing the checks, one on Greenburg and the other on

Tom Davidson. Both Davidson and Greenburg were merchants. The evidence shows they bought a lot of things from these two merchants and went their way. On the following Tuesday they were arrested in Hamilton and some of the purchased goods found in their possession. Their theory was, and they introduced evidence to prove it, that they were in Waco on the 5th and not in Gatesville. They were identified as being the men in both places sufficiently to sustain the State's view and sufficiently to have shown their absence from Gatesville. Appellant was a witness in the Joe Smith case,—not in the Ashford case. On the trial of Smith appellant testified that neither of the parties in Gatesville who were supposed to have passed the forged checks were Ashford or Smith. He further testified he was in Greenburg's house when the matters occurred in there incident to and connected with the passing of the forged instrument on Greenburg. This was shown to be false by several witnesses, two or three of whom saw appellant that evening a number of miles distant from the town of Gatesville in company and working with A. P. Wylie. It is also shown by the parties in Greenburg's store that appellant was not in there. The real question around which the perjury revolves is the alibi of the two men who were supposed to have been Ashford and Smith. That was the central thought of the defense, and it was this defense that attacked the State's case of their presence in Gatesville and their criminality with reference to the forged checks. The indictment narrates these matters and charges with sufficient plainness and accuracy that the question was alibi, and the testimony which was set out as given by appellant was false. We think the indictment sufficiently charges the offense, and was not subject to demurrer.

There were some bills of exception reserved to the introduction of certain testimony. These bills were quite lengthy and set out to a large extent all the testimony of each witness, to the introduction of which the defendant objected. The bills might be passed out by stating they are so general they do not present any question for review, but passing from that question, a great deal of the testimony set out in the bills of exception was clearly admissible, if not all of it. It is a general rule, and almost without exception, that where bills of this character set out a great deal of testimony, some of which is objectionable, and some of which may not be, that the bill must specifically point out that against which objection is urged. These objections are general and to the whole of the testimony. A discussion of the bills and statement of the evidence would demonstrate the accuracy of this statement, but it would serve no useful purpose either to the bench, the legal profession or jurisprudence of Texas.

The stenographer was introduced as a witness to reproduce the testimony delivered on the Smith trial, and over objection he did reproduce it. The main objection is, that the written testimony was the best evidence. The bill is very lengthy, and the court qualifies it in lengthy form, but the substance is that in the Smith case the stenographer took the notes but did not transcribe them inasmuch as Smith upon his

conviction appealed to the Court of Criminal Appeals without a statement of facts, therefore the testimony was never transcribed or put in form on the typewriter. The stenographer made it clear from his statement that he recollected the testimony independent of his stenographic notes, but had his stenographic notes, and that they were correct as taken at the time, and the testimony he took down in shorthand was correct. This question has been before the court quite a number of times, and from any standpoint of it we do not think any valid reason is shown why the court committed error. Judge Ramsey in rather an elaborate opinion in Smith v. State, 60 Texas Crim. Rep.,. 293, discussed these matters fully and thoroughly, and reviewed the cases, both criminal and civil. It is unnecessary to discuss the question, for that case decides the entire matter adversely to appellant. Reviewing this entire record, specifically and generally, it occurs to us appellant has not been deprived of any legal rights, and that the court was rather cautious and careful in his trial.

The judgment is, therefore, affirmed.

*Affirmed.*

## ON REHEARING.

### January 12, 1916.

DAVIDSON, Judge.—Appellant has filed a motion for rehearing, alleging that the court erred in affirming the judgment, and especially calls attention to the fact that the court was in error in making this statement in the opinion: "The stenographer was introduced as a witness to reproduce the testimony delivered on the Smith trial, and over objection he did reproduce it. The main objection is, that the written testimony was the best evidence." The motion then states that the court was in error in the above statement because appellant raised no such objection, but did object to the stenographer, McKinzie, testifying orally as to what the defendant's testimony was on the trial of Joe Smith v. State, being the trial in which the alleged perjury was committed, as shown by bill, etc. Second, because the testimony on the trial of the Smith case was reduced to shorthand writing as required by the statutory law of this State, and was the best evidence of what the defendant, Joe Smith's, testimony was on his trial. With these objections to the statement in the opinion affirming the judgment, stated in the motion for rehearing, we still believe the opinion was correct in stating that one of his objections was that the written testimony was the best evidence. The evidence reproduced by the witness was not reduced to typewritten form, or in writing, and the reasons were stated for not doing so, that Smith has appealed his case to this court without a statement of facts. If the oral testimony was not the best evidence, it must be because the written testimony would be better, and this is emphasized in this rehearing motion, because he states that the evidence of appellant given on the Smith trial was reduced to shorthand writing as required by the statutory law of this State. If this

does not mean the writing was the best testimony, and that the oral was secondary, we do not understand the effect of the objections. However, it is unnecessary to discuss that question further, but the writer deems it necessary, as he wrote the opinion of affirmance, to make this additional statement, in regard to this testimony, towit: the stenographer was reproducing the testimony of appellant given on the trial of Smith, which formed the basis of this perjury. As a part of the State's case, it was necessary to show what appellant did testify in the Smith trial in order to show its falsity. The case cited in 43 Texas Crim. Rep., 580, is not applicable to the question here presented. That case was correct on the question decided, but it referred to the testimony of third parties; it had no reference or application to the reproduction of alleged false testimony of an accused in a perjury case. That testimony could be reproduced by anybody who heard the testimony, and it was necessary to do so in order to show its falsity. That the stenographer was called upon to reproduce it would make no difference. There could possibly be no objection to reproducing before the jury the alleged false testimony where perjury is charged, because it was necessary in order that the State might show its falsity, and it is not material as to who testifies to it or reproduces it before the jury. It must be reproduced by somebody, and anybody who heard it and could reproduce it would be a competent witness so to do. If the testimony had been written out it might have been a safer plan to have reproduced it as he wrote it, but this the stenographer did not do, and other witnesses could be and were called to reproduce it, and the stenographer having taken it down in his notes, he certainly could testify, as he did, that the testimony was correctly taken down but not transcribed.

The motion for rehearing is, therefore, overruled.

*Overruled.*